IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

Case No. 06-30562

JOY LYNN HOWARD

Debtor

MEMORANDUM ON UNITED STATES TRUSTEE'S
MOTION TO COMPEL AND MOTION TO DISGORGE

APPEARANCES:    ROBERT E. NICHOLS, ESQ.
   Post Office Box 20380
   Knoxville, Tennessee  37940
   Attorney for Debtor

   LAW OFFICES OF MAYER & NEWTON
   John P. Newton, Jr., Esq.
   1111 Northshore Drive
   Suite S-570
   Knoxville, Tennessee  37919
   Chapter 7 Trustee

   RICHARD F. CLIPPARD, ESQ.
   UNITED STATES TRUSTEE, REGION 8
   Patricia C. Foster, Esq.
   Suite 114, Howard H. Baker, Jr. U.S. Courthouse
   800 Market Street
   Knoxville, Tennessee  37902
   Attorneys for the United States Trustee

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

These contested matters came on for hearing on January 11, 2007, on the following motions filed by the United States Trustee on December 13, 2006: (1) the Motion to Compel and Notice of Hearing (Motion to Compel) seeking an order compelling the Debtor's attorney, Robert E. Nichols, to file the statement evidencing the Debtor's completion of an instructional course in personal financial management as required by Interim Rule 1007(b)(7) of the Federal Rules of Bankruptcy Procedure;[1] and (2) the Motion of U.S. Trustee for Disgorgement of Fees Pursuant to 11 U.S.C. § 329(b) and Notice of Hearing (Motion to Disgorge) requesting an order directing that Mr. Nichols disgorge all compensation paid him by the Debtor prior to the commencement of this bankruptcy case. Mr. Nichols did not appear at the hearing.

The record before the court consists of one (1) exhibit and the testimony of the Debtor. Additionally, the court takes judicial notice of all undisputed facts of record in the Debtor's bankruptcy case file. *See* FED. R. EVID. 201.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(A), (O) (2006).

I

From the record before it, including testimony of the Debtor, the court makes the following findings:

---

[1] Pursuant to 11 U.S.C. § 727(a)(11) (2005) and Interim Rule 4004(c)(1)(H) of the Federal Rules of Bankruptcy Procedure, completion of a course in personal financial management is a prerequisite to obtaining a discharge in a Chapter 7 case.

2

1. The Debtor first met with Robert E. Nichols, Attorney, regarding the filing of her bankruptcy petition in October 2005, at which time she paid him $600.00. Mr. Nichols advised the Debtor that she would need to return to his office to "get the papers signed" and that "the court would contact me in two weeks." In January 2006, when she had not heard from Mr. Nichols, the Debtor called to ask him what happened. She was told that "they missed the filing date for my case." The Debtor had a "couple more appointments" with Mr. Nichols' office in February 2006, at which she was told that she would be required to "do an exit class" before she could receive her discharge.

2. The Debtor's Voluntary Petition was filed under Chapter 7 by Mr. Nichols on March 25, 2006. The $274.00 fee required upon the filing of the bankruptcy case was paid by Mr. Nichols at the time the petition was filed.

3. Contemporaneously with the filing of the Debtor's Voluntary Petition, Mr. Nichols filed a Disclosure of Compensation of Attorney for Debtor evidencing that he had received $400.00 from the Debtor for representing her in her bankruptcy case.

4. On March 27, 2006, the clerk issued a Notice of Requirement to File a Statement of Completion of Course in Personal Financial Management informing the Debtor that, as a prerequisite to receiving a discharge, she was required to file a certification evidencing her completion of the instructional course concerning personal financial management.[2] This Notice was served on the Debtor and Mr. Nichols on March 29, 2006.

5. On May 8, 2006, the Chapter 7 Trustee, John P. Newton, Jr., filed his Trustee's Report of No Distribution certifying that the Debtor's bankruptcy estate had been fully administered and requesting that he be discharged from any further duties.

---

[2] *See supra* n.1.

3

6. In late November or early December 2006, the court received a letter from the Board of Professional Responsibility of the Supreme Court of Tennessee dated November 27, 2006, advising that Robert E. Nichols' license to practice law had been temporarily suspended by the Supreme Court of Tennessee pursuant to an Order entered on November 21, 2006, "upon a finding that Mr. Nichols had failed to timely respond to the Board of Professional Responsibility concerning a complaint of misconduct." The November 27, 2006 letter stated that Mr. Nichols was authorized to represent existing clients for thirty days, but that he was to cease representing all clients effective December 21, 2006, and he could not accept new cases following that date. The court has not received notification that Mr. Nichols' license to practice law has been reinstated.

7. On November 30, 2006, the clerk issued a Notice of Chapter 7 Case Closed Without Discharge (Notice) which was served on the Debtor, Mr. Nichols, creditors, and all parties in interest on December 2, 2006. This document notified all parties in interest that the Debtor's bankruptcy case had been closed "without entry of discharge as Debtor did not file Official Form 23, Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management."

8. On December 1, 2006, the clerk notified Mr. Nichols of the suspension of his electronic case filing privileges due to his failure to respond to calls from personnel in the clerk's office advising him that e-mail notifications sent by the electronic case filing system were being returned as undeliverable. Mr. Nichols has not contacted the clerk about the e-mail problem, nor has he sought to be reinstated as a Registered User of the court's electronic case filing system.

9. On December 8, 2006, the United States Trustee filed the present Motion to Reopen Case requesting that the Debtor's case be reopened to permit her to file the Motion to Compel and Motion to Disgorge. On December 13, 2006, the court entered an Order reopening this bankruptcy case.

10. On December 13, 2006, the United States Trustee filed the Motion to Compel and Motion to Disgorge presently before the court.

11. On January 10, 2007, Robert E. Nichols filed, on behalf of the Debtor, a Certification from Consumer Credit Counseling Service of Greater Atlanta, Inc., signed by its representative, certifying that the Debtor completed the required course on personal financial management by internet on December 12, 2006. TRIAL EX. 1.

12. At the January 11, 2007 hearing on the United States Trustee's Motion to Compel and Motion to Disgorge, the Debtor testified that after she received the November 30, 2006 Notice informing her that her Chapter 7 case had been closed without a discharge, she attempted to contact Mr. Nichols, but was never able to talk with him. As it relates to the personal financial management course, the Debtor testified in response to questions asked by counsel for the United States Trustee that she did not take a personal financial management course by internet on December 12, 2006, or at any other time. Specifically, the Debtor testified as follows:

> Q . . . And since that time in the month of December, did you ever go back to Mr. Nichols' office to complete [the personal financial management] course?
>
> A I've never been back over there.
>
> Q [D]id you ever go down to Consumer Credit Counseling and take that course?
>
> A No, ma'am. I haven't.
>
> Q Have you ever gotten on the internet or on the telephone and taken that course?
>
> A No, ma'am.
>
> . . . .

> Q      Ms. Howard, I'm giving you a copy of a letter and a certificate of credit management [TRIAL EX. 1] that says that you took that class on December the 12th, you completed the class on December 12?
>
> A      Okay. Well, I'd never took that class.
>
> Q      And you did not complete a course on December the 12th? Is that what you're testifying today?
>
> A      Yes, ma'am. I never done anything like this.

13. Over the past year, Mr. Nichols' actions in several Chapter 7 cases in which he represented unsophisticated consumer debtors have required the court to issue fee disgorgement orders. These cases include the following:

A. *Linda Jean Spurling and Patrick Sean Spurling*, No. 06-30476.

    On August 25, 2006, the court, upon the Motion of U.S. Trustee for Disgorgement of Funds Pursuant to 11 U.S.C. § 329(b), and after a hearing held on August 24, 2006, issued an Order directing Mr. Nichols to disgorge the $600.00 compensation received from the Debtors prior to the filing of their bankruptcy case and to certify his compliance by September 8, 2006. Mr. Nichols did not respond to the United States Trustee's Motion, did not appear at the August 24, 2006 hearing, and did not timely certify his compliance with the disgorgement Order. On September 12, 2006, the court issued a second Order directing Mr. Nichols to appear on September 28, 2006, to show cause why he should not be held in civil contempt for his failure to comply with the August 25, 2006 Order. The September 28, 2006 hearing was stricken when Mr. Nichols filed the appropriate disgorgement certification on September 27, 2006.

B.  *Larry Christopher Flynn and Sara Rhiannon Flynn*, No. 06-30661.

On December 11, 2006, the court, upon the Motion of U.S. Trustee For Disgorgement of Fees Pursuant to 11 U.S.C. § 329(b) and Notice of Hearing, and after a hearing held on December 7, 2006, issued an Order requiring Mr. Nichols to reimburse the Debtors, by December 21, 2006, the $400.00 compensation received in connection with the filing of their bankruptcy case and directed Mr. Nichols to certify his compliance by December 26, 2006.  Upon Mr. Nichols' failure to comply with the December 11, 2006 Order, the court, on December 28, 2006, issued an Order requiring Mr. Nichols to appear on January 11, 2007, to show cause why he should not be held in civil contempt for his failure to comply with the December 11, 2006 Order.  On January 10, 2007, Mr. Nichols filed a Certification of Disgorgement of Funds certifying that on December 28, 2006, he reimbursed the Debtors the $400.00 fee.  Mr. Nichols did not appear at any hearing prompted by the United States Trustee's disgorgement Motion, nor did he appear at the January 11, 2007 show cause hearing.  On January 12, 2007, the court issued an Order finding Mr. Nichols in contempt and fined him $200.00.  Because he had complied with the December 11, 2006 Order, although belatedly, the court waived his payment of the $200.00 fine.

C.  *Anita Sue Sealy*, No. 06-31321.

On September 29, 2006, the court, upon the Motion for Disgorgement of Fees filed by the United States Trustee, issued an Order directing Mr. Nichols to disgorge fees in the amount of $600.00 to the Debtor and to certify his compliance by

October 10, 2006. Upon his failure to file the required certification, the court issued an Order on October 12, 2006, directing Mr. Nichols to appear on October 26, 2006, to show cause why he should not be held in civil contempt. The show cause hearing was stricken after Mr. Nichols filed the required certification on October 13, 2006. Mr. Nichols did not appear at the September 28, 2006 hearing on the United States Trustee's disgorgement Motion. This bankruptcy case was dismissed on September 29, 2006, because the Certificate of Credit Counseling filed by the Debtor evidenced that she received the credit counseling briefing required by 11 U.S.C. § 109(h)(1) (2005) more than 180 days preceding the June 19, 2006 date upon which she commenced her bankruptcy case.

D.  *Dusty Lee Clifton and Vickie Ann Clifton*, No. 06-31565.

On July 26, 2006, the court issued an Order dismissing this bankruptcy case upon Motion of the United States Trustee because the Debtors, having failed to obtain the credit counseling briefing required by 11 U.S.C. § 109(h)(1) within the 180-days preceding the date of the filing of their petition, were ineligible to be debtors under title 11 of the United States Code. On the same date, Mr. Nichols voluntarily filed a Certification of Disgorgement of Funds evidencing that he had reimbursed the Debtors $600.00 paid in advance of the filing of their bankruptcy case.

E.  *LaVonda Gail Moore*, No. 06-32369.

The court issued an Order on January 9, 2007, after a hearing held on January 4, 2007, on the Motion of the U.S. Trustee for Disgorgement of Funds

Pursuant to 11 U.S.C. § 329(b), directing Mr. Nichols to reimburse the Debtor $800.00 in compensation received and further directing that he file a certification of compliance by January 23, 2007. That certification has not been filed.

Because of Mr. Nichols' actions in the present case, including his filing of the Certification on January 10, 2007, evidencing the Debtor's completion of a course in personal financial management on December 12, 2006, which, in fact, the Debtor did not complete, the court, applying the criteria set forth in 11 U.S.C. § 330(a)(3) (2005), finds the $600.00 compensation paid Mr. Nichols by the Debtor to be unreasonable.[3] The court will, therefore, direct that Robert E. Nichols, within ten (10) days, reimburse the Debtor the entire $600.00 and will require him to certify his compliance within fourteen (14) days of the entry of the order memorializing the court's ruling in this Memorandum.

The court will also direct that the Certification filed by Consumer Credit Counseling Service of Greater Atlanta on January 10, 2007, certifying that the Debtor completed the course in personal financial management on December 12, 2006, will be stricken. Because the court, due to the suspension of Mr. Nichols' license by the Tennessee Supreme Court, does not deem it appropriate that the Debtor utilize the services of Mr. Nichols' office further to pursue completion of the personal financial management course, the United States Trustee's Motion to Compel will be denied. Rather, the Debtor will need to pursue completion of the personal financial management course through other sources.

---

[3] Although not disclosed in the compensation disclosure statement filed by Mr. Nichols on March 25, 2006, it appears that the $274.00 filing fee due upon the filing of the Debtor's Voluntary Petition was paid from this $600.00. Nevertheless, Mr. Nichols' actions are such that he will be required to reimburse the Debtor the entire $600.00.

9

Due to his actions in this case and in other cases, including those discussed in depth at paragraph 13 of this Memorandum, the court will, notwithstanding Mr. Nichols' temporary suspension by the Supreme Court of Tennessee, direct that Mr. Nichols appear and show cause why he should not be suspended indefinitely from appearing in the United States Bankruptcy Court for the Eastern District of Tennessee on behalf of debtors, creditors, or any other party in interest pending further order of the court.

An appropriate order will be entered.

FILED:  January 23, 2007

                                        BY THE COURT

                                        /s/  *RICHARD STAIR, JR.*

                                        RICHARD STAIR, JR.
                                        UNITED STATES BANKRUPTCY JUDGE